# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENNADO K. TAYLOR**, | ) |
| | ) |
| **Plaintiff**, | ) |
| | ) |
| vs. | ) Case No. 19-cv-01305-SMY |
| | ) |
| **KARIMI,** *Medical Director*, | ) |
| **ANGELA COWELL,** *LCSW*, | ) |
| **JANE DOE,** *Nurse*, | ) |
| **JOHN DOE 1,** *Staff II*, | ) |
| **JOHN DOE 2,** *STA 1 Staff*, | ) |
| **LORI DAMMERMANN, and** | ) |
| **DIRECTOR OF CHESTER MENTAL** | ) |
| **HEALTH CENTER,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE**, **District Judge:**

Plaintiff Kennado K. Taylor, an apparent pretrial detainee currently housed at Chester Mental Health Center ("Chester"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights and violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. He seeks monetary damages and injunctive relief (Doc. 1).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 2). Before screening the Complaint, the Court must first address Plaintiff's eligibility for IFP status. 28 U.S.C. § 1914(a).

## **IFP Motion**

Plaintiff seeks permission to proceed without prepaying the full $400 filing fee for this action. 28 U.S.C. § 1914(a). Under Section 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Based on the information presented in the IFP motion, it appears Plaintiff is indigent (Doc. 2).

However, Plaintiff is barred from proceeding IFP under Section 1915(g), which prohibits a prisoner from bringing a civil action or appealing a civil judgment IFP, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Before filing this action, Plaintiff had more than three cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. *See Taylor v. Doe, et al.,* No. 17-cv-2347 (N.D. Ill. dismissed June 2, 2017); *Taylor v. Doe, et al.,* No. 17-cv-2348 (N.D. Ill. dismissed June 2, 2017); *Taylor v. Doe, et al.,* No. 17-cv-2349 (N.D. Ill. dismissed June 5, 2017); *Taylor v. Doe, et al.*, No. 17-cv- 5537 (N.D. Ill. dismissed Sept. 22, 2017); *Taylor v. Doe, et al.*, No. 17-cv-6001 (N.D. Ill. dismissed Sept. 22, 2017). Because Plaintiff has "struck out" under Section 1915(g), he cannot proceed IFP unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "[I]mminent danger"

within the meaning of § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).

Plaintiff claims he is not receiving treatment for his mental illnesses and that his mental health is deteriorating which affects his daily activities and his ability to function. He alleges he is being given a medication that causes numerous serious physical symptoms, worsening depression, and increased thoughts of suicide. He further alleges the conditions at Chester are so bad that he will kill himself. These allegations sufficiently invoke the "imminent danger" exception to the "three strikes" rule. Accordingly, Plaintiff's IFP Motion will be granted and the initial partial filing fee and payment scheme will be set forth in a separate order.

The Court further notes that in the Complaint, Plaintiff indicates he has filed previous lawsuits in federal court but does not have copies of the dockets or the case numbers to provide a list. However, although he is clearly aware, he failed to advise the Court that he has received over three strikes under Section 1915(g). In a previous civil case Plaintiff filed in this Court this year, he not only disclosed that he had three strikes, but the Court also informed Plaintiff that he has had five strikes and provided him a list of the cases. *Taylor v. Dammerann,* No. 19-cv-00497 (S.D. Ill. May 15, 2019) (Doc. 4—order dismissing IFP motion). Plaintiff is therefore **WARNED** that any future failure to disclose his litigation history or provide the Court with misrepresentations or fraudulent information, particularly when he seeks to proceed IFP, may result in sanctions, including fines and immediate dismissal of the suit. *Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal); *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of suit is an appropriate sanction for struck-out

prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court).

## **The Complaint**

Plaintiff makes the following allegations in his Complaint: Dr. Karimi is aware that Plaintiff is allergic to Haloperidol but continues to give him the medication. Dr. Karimi told Plaintiff that if he does not take the fitness test and return to county jail, he will continue to order the medication. Plaintiff believes Dr. Karimi is trying to kill him. Jane Doe Nurse gave Plaintiff the medication and put him in a room with no video camera. The medication caused his body to lock up, difficulty breathing, heart palpitations, chest pain, choking sensations, facial swelling, a rash, difficulty sleeping, loss of appetite, and stomach pain. He also had confusion, panic attacks, worsening depression, and increased thoughts of suicide.

There is abuse and neglect at Chester. Dr. Karimi told Plaintiff he will place him somewhere that he will be killed. He is not receiving treatment for his mental illnesses and his mental health is deteriorating which affects his daily activities and his ability to function. Jane Doe Nurse denied him medical treatment. Staff and Jane Doe will cover it up when Dr. Karimi kills him. Dr. Karimi, Cowell, and Dammermann are retaliating against him. Plaintiff has informed Dr. Karimi, Cowell, and Dammermann that he will kill himself if the current circumstances continue. Plaintiff asks to be transferred from Chester.

Based on the allegations of the Complaint, the Court designates the following Counts:

Count 1: Fourteenth Amendment deliberate indifference to a serious medical need claim against Dr. Karimi for giving Plaintiff a medication that caused physical and mental harm.

Count 2: Fourteenth Amendment deliberate indifference to a serious medical need claim against Dr. Karimi, Cowell, Jane Doe (Nurse), and

4

>   Dammermann for disregarding Plaintiff's mental health treatment needs and his risk of suicide.
>
> Count 3: First Amendment retaliation claim against Dr. Karimi, Cowell, and Dammermann.
>
> Count 4: ADA claim against Defendants for failing to provide treatment for Plaintiff's mental illnesses.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[1]

## Preliminary Dismissals

Plaintiff names John Doe 1 and John Doe 2 as Defendants but there are no allegations against those individuals. Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. Merely naming a party in the caption of a Complaint is not enough to state a claim against him. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, John Doe 1 and John Doe 2 are dismissed without prejudice.

## Discussion

### Counts 1 and 2

Because Plaintiff is a pretrial detainee, his deliberate indifference claim falls under the Fourteenth Amendment instead of the Eighth Amendment, which applies to convicted prisoners. A medical care claim brought by a pretrial detainee is subject to the objective unreasonableness inquiry set forth in *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S.Ct. 2466 (2015). *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019). "[T]he controlling inquiry for assessing a due process

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

5

challenge to a pretrial detainee's medical care proceeds in two steps." *McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018)). In the first step, the inquiry is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case." *Id.* At the second step, the inquiry is whether the challenged conduct was objectively reasonable. *Id.* "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id.*

Plaintiff's allegations are sufficient to proceed against Dr. Karimi in Count 1 and against Dr. Karimi, Cowell, Dammermann, and Jane Doe in Count 2.

**Count 3**

To state a claim for retaliation under the First Amendment, a plaintiff must allege that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). Plaintiff's conclusory allegation that Dr. Karimi, Cowell, and Dammermann are retaliating against him fails to state a claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements"). Count 3 will, therefore, be dismissed.

**Count 4**

The ADA provides that "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be

subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). A claim that Plaintiff has not been properly treated for his mental illness is distinctly different from a claim that he has been denied access to services or programs because he is disabled and is not cognizable under the ADA. *See Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."); *Rashad v. Doughty*, 4 Fed. Appx. 558, 560 (10th Cir. 2001) (unpublished) ("[C]ontrary to [plaintiff's] assertions, the failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation."); *Resel v. Fox*, 26 Fed. Appx. 572, 577 (7th Cir. 2001) (unpublished) (holding that "a prison official does not violate the ADA when failing to attend to the medical needs of ... disabled prisoners.") (internal quotation marks and citation omitted). Count 4 will therefore be dismissed.

### Request for Injunctive Relief

Plaintiff seeks injunctive relief and based on the allegations in the Complaint, the Court has docketed a Motion for Preliminary Injunction (Doc. 10). Accordingly, the Director of Chester Mental Health Center will be added in his or her official capacity with regard to the requests for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The Court will enter a separate order setting a hearing on the Motion for Preliminary Injunction and directing Defendants to respond to the same.

### Identification of Unknown Defendant

Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of Jane Doe. *See Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 832 (7th Cir. 2009). The Director of Chester Mental Health Center is being added in his or her official capacity and shall respond to discovery aimed at identifying the unknown defendants. Guidelines for discovery will

be set by the undersigned judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

## Official Capacity Claims

Plaintiff asserts claims against each defendant in his or her individual and official capacities. Plaintiff cannot proceed with claims for monetary damages against the defendants in their official capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). To the extent he seeks injunctive relief, the Director of Chester Mental Health Center has been added as a defendant in his or her official capacity. Additionally, Dr. Karimi, the Medical Director at Chester Mental Health Center, will remain in the case in his official capacity as to the request for injunctive relief. The official capacity claims against Cowell, Dammermann, and Jane Doe are dismissed.

## Motion for Appointment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In evaluating whether counsel should be appointed, the Court must examine the *Pruitt* factors and apply them to the specific circumstances of the case. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The Court must ask: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?' *Id.* at 761 (quoting *Pruitt*, 503 F.3d at 654). Plaintiff discloses no efforts to locate counsel on his own. Accordingly, Plaintiff's Motion for

Appointment of Counsel (Doc. 3) is denied without prejudice. Plaintiff may renew his request for counsel at any time during the pending action, after first attempting to locate counsel on his own. If Plaintiff does renew his request, he should give the Court rejection letters from at least three attorneys to prove that he has made reasonable efforts to obtain counsel on his own.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **GRANTED**. The initial partial filing fee and payment scheme will be set forth in a separate order. The Motion for Appointment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS ORDERED** that Count 1 will proceed against Defendant Karimi. Count 2 will proceed against Defendants Karimi, Cowell, Jane Doe, and Dammermann. Counts 3 and 4 are **DISMISSED** without prejudice for failure to state a claim.

**IT IS ORDERED** that John Doe 1 and John Doe 2 are **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED to TERMINATE** them as parties. Additionally, the Clerk is **DIRECTED** to **ADD** the Director of Chester Mental Health Center, in his or her official capacity, as a Defendant and to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Karimi, Cowell, Dammermann, Jane Doe (*once identified*), and Director of Chester Mental Health Center (official capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons

(Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant Jane Doe until such time as Plaintiff has identified her by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs even though his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation

that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance him. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 16, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, Defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**