IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNADO K. TAYLOR, ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | |
| vs. ) | Case No. 19-cv-01305-SMY |
| ) | |
| DR. FARID KARIMI, et al. ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

**YANDLE, District Judge:**

This matter is before the Court on a Motion to Set Aside Default filed by Defendants Angela Cowell and Lori Dammermann (Doc. 73) and Plaintiff's Motions for Default Judgment (Docs. 67, 69, 70). The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A on December 16, 2019. (Doc. 12). Pursuant to the screening order, Defendants were sent requests for Waiver of Service of Summons (Docs. 13, 45). Waivers of Service were returned for Angela Cowell and Lori Dammermann and their responsive pleadings were due June 22, 2020. (Doc. 48).

Cowell and Dammermann failed to move, answer, or otherwise plead in response to the Complaint, and as result, on August 10, 2020, the Court issued an Order directing the Clerk to enter default against them in accordance with Federal Rule of Civil Procedure 55(a). (Doc. 60). The Clerk's Entry of Default was docketed the same day. (Doc. 61). Plaintiff subsequently filed Motions for Default Judgment on August 12, 2020 (Docs. 67, 69 and 70). Cowell and Dammermann filed a Motion to Set Aside Clerk's Entry of Default on August 18, 2020. (Doc. 73). The Court held a hearing on the motion on October 14, 2020. (Doc. 93).

1

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir.2009) (citations omitted); FED. R. CIV. P. 55(c). Cowell and Dammermann assert that when they executed the Request for Waiver of Service of Summons, they believed they had done all that they needed to do for representation from the Office of the Attorney General. Additionally, Dammermann believed she was signing a document related to another pending case, *Taylor v. Craig, et al.*, 19-cv-1317-NJR, and did not understand this was a new lawsuit.

The undersigned has noted a recent and troublesome pattern of IDOC and Wexford employees failing to timely respond to prisoner's Complaints after executing Waivers of Service. This has resulted in a rise in entries of default and motions seeking to have the entries set aside for "good cause" – claiming inadvertence or mistake. There is a difference between inadvertence and willful neglect of responsibilities (which does not support a finding of good cause), and the parties are advised that such motions will not be automatically and routinely granted.

Here, the Court finds that the failure to take steps to secure representation was not inadvertent or mistaken – it was neglectful. That said, Cowell and Dammermann acted quickly to correct the default once they became aware of it and the Office of the Attorney General promptly filed a notice of appearance and the instant motion.

Given this Court's preference for adjudication on the merits, Defendants' Motion to Set Aside Default (Doc. 73) is **GRANTED** and the Clerk's Entry of Default (Doc. 61) is **VACATED**. Cowell and Dammermann shall file their responsive pleadings within 7 days. Because the Clerk's Entry of Default is vacated, Plaintiff's Motions for Default Judgment (Docs. 67, 69, 70) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  October 14, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**